Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| KEDWIN RIVERA MÉNDEZ<br><br>Parte Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Parte Recurrido | TA2026RA00287 | *Revisión Administrativa* procedente del Departamento de Corrección y Rehabilitación, Oficina de Clasificación de Confinados<br><br>Caso núm.: PP65-26<br><br>Sobre: Bonificaciones |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pérez Ocasio y la Jueza Trigo Ferraiuoli.

Trigo Ferraiuoli, jueza ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de junio de 2026.

Comparece la parte recurrente, Kedwin Rivera Méndez (Rivera Méndez o recurrente), mediante *Revisión Judicial.* En su escrito, el recurrente no especifica la determinación de la cual recurre, sino que alega que el Departamento de Corrección (DCR o recurrida) incidió al devolverle una solicitud de reconsideración que este presentó en relación con una solicitud de remedio administrativo aún pendiente ante la División de Remedios Administrativos.

El 29 de junio de 2026, el DCR compareció mediante *Escrito en Cumplimiento de Resolución y Solicitud de Desestimación*[1].

En vista de que el recurso ante nos se presentó de forma prematura, esta Curia carece de jurisdicción, por lo que procede su desestimación.

**I.     Trasfondo fáctico y procesal**

---

[1] Entrada Núm. 6 de SUMAC TPI. El DCR acompaño copia del expediente administrativo.

El 31 de marzo de 2026, el recurrente presentó una Solicitud de Remedio Administrativo (PP-65-26) ante la división de Remedios Administrativos del Departamento de Corrección (en adelante DRA) sobre el reclamo de unas bonificaciones por buena conducta a su Hoja de Liquidación de Sentencia. Rivera Méndez alegó que, transcurridos 38 días sin recibir respuesta de la DRA, Rivera Méndez presentó una solicitud de reconsideración y que, el 30 de abril de 2026, la agencia le devolvió la misma, debido a que aún no se había emitido una respuesta sobre la solicitud de remedio administrativo. Vale señalar, que el recurrente no incluyó con su recurso la referida solicitud de reconsideración, así como tampoco incluyó hoja de trámite o determinación alguna de la DRA sobre la devolución de su solicitud.

Así, el recurrente comparece ante nos, mediante recurso suscrito el 13 de mayo de 2026[2], recibido por nuestra Secretaria el 29 de mayo de 2026, y formuló el siguiente señalamiento de error:

> Erró el DCR al devolver una Solicitud de Reconsideración por, según alegan, reconsiderar sin recibir respuesta, aun cuando la parte recurrida incumplió con la Ley de Procedimiento Administrativo Uniforme del Gobierno al no contestar dentro del término dispuesto por esta Ley.

Mientras, el mismo 30 de abril de 2026, recibida por Rivera Méndez el 5 de mayo de 2026, la DRA emitió la respuesta concernida[3], la cual lee como sigue:

> Según la solicitud en este Remedio Administrativo, se verific[ó] su expediente criminal y se encuentran adjudicadas las bonificaciones de buena conducta en su liquidación, adjunto copia.

---

[2] El recurso aparece suscrito por el recurrente el 13 de mayo de 2026 y tiene el sello oficial de la institución penal. Conforme resuelto por el Tribunal Supremo en *Álamo Romero v. Adm. de Corrección*, 175 DPR 314, 323 (2009), "en los casos de revisión judicial de decisiones administrativas de la Administración de Corrección en procedimientos disciplinarios instados por reclusos por derecho propio, se entenderá que el recurso fue presentado **en la fecha de entrega a la institución carcelaria**." (Énfasis nuestro).

[3] Véase, Apéndice del alegato del DCR, págs. 8 y 9.

Entonces, el 26 de mayo de 2026, Rivera Méndez presentó ante la DRA una Solicitud de Reconsideración sobre la respuesta emitida. El 27 de mayo de 2026, **recibida por Rivera Méndez el 3 de junio de 2026**, la DRA emitió la *Respuesta de Reconsideración al Miembro de la Población Correccional*[4], en la que denegó la solicitud de reconsideración. Lo anterior, ocurrió con posterioridad a la presentación del recurso ante nuestra consideración.

Adviértase que, la fecha en que el recurrente recibió la respuesta a la reconsideración (3 de junio de 2026) es *posterior* a la fecha en que se presentó el recurso (suscrito el 13 de mayo de 2026, recibido en Secretaria el 29 de mayo de 2026), y que conforme surge del recurso, así como el señalamiento de error, Rivera Méndez recurre de la primera solicitud de reconsideración que presentó, la cual alegó le fue devuelta. Por consiguiente, el recurso ante nuestra consideración es prematuro.

## II.     Derecho aplicable

### a. Jurisdicción

La jurisdicción es la autoridad que tiene el tribunal para atender en los méritos una controversia. *Maldonado v. Junta de Planificación, 171 DPR 46, 55 (2007).* La jurisdicción no se presume y los tribunales no tienen discreción para asumirla donde no la hay. Íd. Los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007). Los asuntos jurisdiccionales son privilegiados y deben resolverse con preferencia a cualquier otro asunto planteado. *Carattini v. Collazo Systems Analysis, Inc.,* 158 DPR 345, 355 (2003). Un recurso es prematuro cuando es presentado en el tribunal antes de que dicho foro tenga jurisdicción para atenderlo. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008), *Pueblo v. Santana*

---

[4] *Íd.*, pág. 13.

*Rodríguez,* 148 DPR 400, 402 (1999). Su presentación no produce efecto jurídico alguno, ya que la falta de jurisdicción es un defecto insubsanable. *Rodríguez v. Zegarra,* 150 DPR 649, 654 (2000). Por lo tanto, el tribunal no puede intervenir en un recurso prematuro y deberá desestimar el caso, al concluir que no hay jurisdicción. Regla 83 del Reglamento del Tribunal de Apelaciones,

4 LPRA Ap. XXII-B.

### b. La revisión judicial de decisiones administrativas

La Ley Núm. 103-2003, conocida como Ley de la Judicatura de 2003 (Ley de la Judicatura), según enmendada, 4 LPRA secs. 24(t) et seq.; la Sección 4.2 de la Ley Núm. 38-2017, según enmendada, conocida como Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), 3 LPRA sec. 9672; y la Regla 57 de nuestro Reglamento, 4 LPRA Ap. XXII-B R. 57, establecen la jurisdicción y competencia de este Tribunal para atender un recurso de revisión administrativa.

Entonces, al amparo del Artículo 4.006(c) de la Ley de la Judicatura, 4 LPRA sec. 24y(c), este Tribunal conocerá mediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de toda decisión, orden y resolución final de las agencias administrativas.

A su vez, la Sección 4.2 de la LPAU provee que toda parte adversamente afectada por una orden o resolución final de una agencia administrativa y que haya agotado todos los remedios provistos por la agencia o por el organismo apelativo correspondiente, podrá presentar un recurso de revisión ante el Tribunal de Apelaciones dentro de un término de 30 días, contados a partir de la fecha del archivo en autos de copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de la LPAU (3 LPRA sec. 9655), cuando el término para solicitar la revisión judicial haya

sido interrumpido mediante la presentación oportuna de una moción de reconsideración.

Igualmente, la Regla 57 de nuestro Reglamento dispone que el escrito de revisión deberá ser presentado dentro del término jurisdiccional de 30 días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia.

### III.   Aplicación del Derecho a los Hechos

En primer lugar, el recurso ante nos incumple de forma sustancial con los requisitos de nuestro Reglamento, cuyo cumplimiento era necesario para su consideración. El recurrente no acompañó los documentos necesarios para auscultar nuestra jurisdicción. Lo anterior, pues Rivera Méndez no recurre en sí de una determinación emitida por la DRA, sino que impugna que esta le devolviera sin resolver una primera solicitud de reconsideración que este presentó *antes* de que la división emitiera una determinación susceptible de revisión vía la referida reconsideración. Del expediente apelativo no surge la primera solicitud de reconsideración objeto del presente recurso, ni tampoco surge el trámite de devolución de la DRA que el recurrente plantea.

De un examen del expediente ante nuestra consideración se desprende que el recurrente presentó ante la DRA una solicitud de reconsideración de forma prematura aun cuando la división no había adjudicado la solicitud de remedio administrativo. Igual proceder tuvo el recurrente mediante la presentación del presente recurso, pues al recibir devuelta la solicitud de reconsideración, este acudió ante nos, aun cuando el DCR tenía pendiente ante su consideración una segunda solicitud de reconsideración. Surge del expediente que Rivera Méndez finalmente recibió la respuesta a la solicitud de remedio administrativo el día 5 de mayo de 2026, y que el 13 de mayo de 2026, este entregó la solicitud de revisión judicial

sobre la primera solicitud de reconsideración a la institución. Igualmente surge que, dos semanas más tarde de presentar el recurso de revisión judicial, este a su vez presentó ante la DRA una segunda solicitud de reconsideración a la respuesta recibida el 5 de mayo de 2026. El 27 de mayo de 2026, la DRA emite la respuesta de reconsideración, recibida por el recurrente el 3 de junio de 2026, 21 días luego de presentado el recurso ante nos.

Habida cuenta de lo anterior, el recurrente acudió a este foro apelativo a destiempo, sin que aun existiera un dictamen sobre su primera solicitud de reconsideración, objeto del presente recurso. Además, en relación con el error planteado por Rivera Méndez, esta Curia no tiene jurisdicción para revisar la actuación de la DRA cuando esta no había emitido una determinación adversa susceptible de revisión por este foro. En ese sentido, de una lectura del recurso y los argumentos esbozados por Rivera Méndez, no surgen fundamentos que se relacionen a la respuesta de reconsideración recibida *a posteriori*, por lo que la *Moción en Cumplimiento de Orden y Perfeccionamiento del Recurso*[5], presentada el 22 de junio de 2026 por el recurrente no subsana el defecto de prematuridad que adolece el presente recurso[6].

Por consiguiente, procede desestimar el recurso por prematuro.

### IV. Parte Dispositiva

Por las razones que anteceden, se desestima el recurso de referencia por ausencia de jurisdicción.

### Notifíquese inmediatamente.

---

[5] Entrada Núm. 5 SUMAC TA. Nótese que la respuesta a reconsideración que el recurrente acompañó como Anejo es en cuanto a la segunda solicitud de reconsideración, la cual se presentó ante la DRA posterior a la presentación del recurso ante nos.

[6] Lo anterior, no impide que el recurrente acuda en revisión mediante la presentación de un recurso de revisión judicial dentro del término de 30 días contados a partir de la fecha en que este recibió respuesta, a vencer el próximo 3 de julio de 2026.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones